# Gross's Estate.

*Executors and administrators—Mingling accounts—Distribution—Estoppel—Practice, O. C.*

Where an administratrix files an account in which she blends the estate of her own intestate with the estate of a decedent of whom her intestate was executor, and the account shows a balance in her hands for distribution, and no objection is made to the account or to the irregular blending of the two estates, the administratrix cannot set up her own irregularity, when the distributees seek to enforce the payment of the money which the administratrix has acknowledged that she received.

Argued March 2, 1908. Appeal, No. 17, Jan. T., 1908, by Elizabeth E. Cadman, from decree of O. C. Columbia Co., May Term, 1905, No. 21, directing distribution in Estate of Louisa Gross. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for an order to pay over money. Before EVANS, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court directing distribution to be made.

*C. W. Miller*, with him *L. E. Waller*, for appellant

*Wm. C. Johnston*, with him *G. M. Tustin*, for appellees.

OPINION BY ORLADY, J., April 20, 1908:

If the record in this case as made by the appellant may

require her to pay money which she never received, her present peril is entirely of her own making. Louisa Gross, having made her last will and testament, in which she named James Cadman as her executor, died December 6, 1891. The executor qualified as such, and as early as 1893 made sale of the real estate, and other property of the decedent, which produced in cash the sum of $2,021.37. James Cadman died in 1895 without having filed an inventory or account as the executor of Louisa Gross. So far as appears by the record, his estate was solvent. On March 24, 1898, Eliza E. Cadman, his widow, applied for and received letters of administration on his estate, but did not file any account for more than five years, and then only in response to a citation from the orphans' court to account both in the estate of Louisa Gross and of James Cadman. A single account was filed, which she entitles, "First and final account of James Cadman, executor of the estate of Louisa Gross, as filed by Eliza E. Cadman, administratrix of James Cadman, deceased," and in this account she charges herself as of April 1, 1893, with house rent amounting to $154, and with cash received from James Knorr as a consideration for the real estate sold of $1,846, and claims credit with a number of items including commissions on the real estate fund, attorney's charges, fees, and for services in stating the account, and concludes it with "balance in accountant's hands for distribution to heirs $1,562.02," all of which was verified by her oath as just and true to the best of her knowledge and belief. It is manifest from the manner in which she stated her account that she intended to present the whole question of accounting and distribution of the estates of Louisa Gross and of James Cadman in one account without the intervention of administration d. b. n. c. t. a. While this procedure is open to the charge of irregularity, it is nevertheless the one she adopted, and the persons entitled to the money did not object to the manner of stating the account, as they were satisfied with the conclusion she submitted to them; and when they seek to enforce the payment of the money she raises the question of her own irregularity for the first time. There was no objection made to enlarging the power of the auditor to make distribution of the

funds she submitted for distribution, and he reported as a fact that on March 24, 1898, she had in her hands the balance of $1,431.57; and in the exceptions filed by her to his report the truth of this finding is not questioned. No exceptions were filed to the amended report of the auditor which distributed to the appellees the sums to which they were clearly entitled, which report was confirmed absolutely on January 20, 1906. From this decree of the orphans' court no appeal was taken. The right of the appellees to their distributive share of the fund is not questioned, and after this inexcusable delay, and the blending of the two estates in one, her repeated declarations that she received the money and has it in hand for distribution, have placed her in such a position that she cannot now challenge the binding effect of the decree: Watts's Estate, 158 Pa. 1.

The judgment of the court below is affirmed.